People v Gillette (2020 NY Slip Op 07471)





People v Gillette


2020 NY Slip Op 07471


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, Shulman, JJ. 


Ind No. 2167/12 Appeal No. 12600 Case No. 2019-5052 

[*1]The People of the State of New York, Respondent,
v
Timothy Gillette, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Molly Schindler of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Karen Schlossberg of counsel), for respondent.



Order, Supreme Court, New York County (Juan M. Merchan, J.), entered on or about May 16, 2019, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant an indefinite adjournment of defendant's sex offender classification hearing based on the pendency of a civil commitment proceeding. We decline to revisit our previous holdings on this issue (see e.g. People v Powell, 170 AD3d 413 [1st Dept 2020], lv denied 35 NY3d 908 [2020]; People v Blum, 166 AD3d 571 [1st Dept 2018], lv denied 32 NY3d 918 [2019]).
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The override for defendant's prior felony sex conviction automatically rendered him a level three offender. The mitigating factors cited by defendant were outweighed by the disturbing circumstances of the underlying crime, in which defendant approached and sexually abused a child who was walking with her mother, as well as defendant's prior sex offense, which also involved young children. These circumstances suggest a serious risk of sexual reoffense against children, regardless of defendant's age.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020